UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BARBARO V. GRASS,

Petitioner,

v.

STATE OF NEVADA, *et al.*,

Respondents.

Case No. 3:20-cv-00033-MMD-WGC

ORDER DISMISSING CASE

This case is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Barbaro V. Grass, an individual incarcerated at Nevada's Lovelock Correctional Center. On January 16, 2020, Grass, *pro se*, submitted a habeas corpus petition, along with an application to proceed *in forma pauperis* and a motion for appointment of counsel (ECF Nos. 1, 1-1, 1-2).

The application to proceed *in forma pauperis* is incomplete, in that it does not include the required financial certificate signed by a prison officer. *See* LSR 1-2. The Court will deny the application on that ground and will dismiss this case.

In addition, the Court has examined Grass's habeas petition, and observes that there are four potential defects.

First, Ground 1 appears to be a claim that, in his most recent attempt to have his sentence modified, the Nevada courts misapplied the law of the case doctrine. (ECF No. 1-1 at 3.) This does not appear to state a viable claim for federal habeas corpus relief.

Second, the December 27, 2019, order of affirmance of the Nevada Court of Appeals, a copy of which is attached to Grass's petition, indicates that the claim raised in Grass's most recent attempt to have his sentence modified was raised in a previous state proceeding that was concluded in 2011. (ECF No. 1-1 at 8–10.) The court of appeals held,

as its primary ruling, his latest state proceeding to be procedurally barred. (*Id.)* This suggests that Grass's current federal petition may be subject to dismissal on procedural default grounds.

Third, it appears that Grass was convicted and sentenced in 1990, and that a previous state proceeding was concluded in 2011, several years before his most current state proceeding was initiated. This raises a strong possibility that this federal habeas corpus action is barred by the applicable one-year statute of limitations.

Fourth, the Court observes that Grass challenged his conviction and sentence in a previous habeas petition in this Court, and that petition was denied on its merits. *See* Case Number 3:98-cv-00395-ECR-VPC. The Court takes judicial notice of the proceedings in that action. This means that Grass's petition is successive. Before bringing a successive petition for writ of habeas corpus in a federal district court, a petitioner is required to obtain from the court of appeals "an order authorizing the district court to consider the [successive petition.]" See 28 U.S.C. § 2244(b)(3)(A). There is no indication that Grass has obtained such permission from the court of appeals.

If Grass wishes to pursue a federal habeas corpus action, he must initiate a new case by submitting a habeas petition to this Court and either paying the $5 filing fee or filing a fully completed application to proceed *in forma pauperis,* including the required financial certificate. Grass should not include the above case number on the documents submitted to initiate a new case; a new case number would be assigned to the new case.

Furthermore, if Grass elects to initiate a new habeas case, he should consider, and attempt to correct, the potential defects of his petition identified above, if possible.

It is therefore ordered that Petitioner's application to proceed *in forma pauperis* (ECF No. 1) is denied.

It is further ordered that this action is dismissed, without prejudice.

It is further ordered that Petitioner is denied a certificate of appealability.

It is further ordered that the Clerk of the Court is directed to enter judgment accordingly.

It is further ordered that the Clerk of the Court is directed to send to Petitioner, along with a copy of this order, a copy of his habeas petition (ECF No. 1-1), a copy of his motion for appointment of counsel (ECF No. 1-2), two copies of the form for a prisoner's application to proceed *in forma pauperis*, including the required financial certificate, and two copies of the form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

DATED THIS 17th day of January 2020.

_____
MIRANDA M. DU,
CHIEF UNITED STATES DISTRICT JUDGE